UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

HABEN LACHNEY CIVIL ACTION 10-544

VERSUS U.S. DISTRICT JUDGE DEE DRELL

DRESSER, INC. U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Before the court is defendant's motion to dismiss, **Doc. #6**, referred to me by the district judge for report and recommendation.

Plaintiff filed suit in state court on March 15, 2010 claiming damages due to gradual hearing loss he suffered as an employee of Dresser, Inc. (Dresser) and alleging both negligence and strict liability. Plaintiff also alleges that Dresser withheld and concealed "the knowledge that he was suffering from a noise induced hearing loss". Defendant timely removed the case to this court on the basis of complete federal preemption under Section 301 of the Labor Management Relations Act (LMRA) (29 U. S. C. §185) claiming that plaintiff's claims necessarily require interpretation of the Collective Bargaining Agreements (CBA) under which plaintiffs worked during some of the years of their employment. Plaintiff filed a motion to remand. I issued a Report and Recommendation finding that binding Fifth Circuit precedent, namely Navarro v. Excel, 48 Fed. Appx. 481 (5th Cir. 2002) mandated a finding that review of the collective bargaining agreement (CBA) is necessarily required in order to determine the extent of the

employer's duty and, therefore, the plaintiff's claims were completely preempted by the LMRA, removal was proper, and the motion to remand should be denied. The district Judge adopted my recommendation and signed a judgment to that effect on August 27, 2010.

The instant motion seeks to dismiss plaintiff's claims on the basis that they are prescribed; that is, that the statute of limitations has run and plaintiff's claims come too late. Plaintiff seeks to invoke the doctrine of *contra non valentum* and argues that suit was filed within one year of learning of the hearing loss.

Law applicable to motions to dismiss

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). The Fifth Circuit has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts

consistent with the allegations in the complaint. Bell, supra. Legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim that is plausible on its face". Bell, supra. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1955 (2007).

Analysis

Plaintiff alleges he last worked for Dresser in 1987. Defendant's motion to dismiss claims that suit was filed too late.[1]

Statute of Limitations

Defendant suggests that the applicable statute of limitations period is 6 months from the date each plaintiff received notice of his or her injury, citing the Supreme Court's decision in Del Costello v. Int'l Brotherhood of Teamsters, 103 S. Ct. 2281 (1983). Defendant argues that the claims are untimely on their face and that plaintiffs did not plead sufficient facts as to why they claim suit is timely. Plaintiff suggests that the limitations period should be one year.

In Costello, the Supreme Court found that, in a suit by employees against their employer for breach of the collective bargaining agreement and against the union for breach of its duty of fair representation for mishandling the ensuing grievance or arbitration proceedings, the appropriate limitations period was 6 months. The period was "borrowed" from federal, not state,

---

[1] Two related suits are also pending in this court: McKnight v. Dresser, Inc., 10-543, and Anderson v. Dresser, Inc., 10-1004. Separate Reports and Recommendations will be issued in those cases.

law, namely §10(b) of the LMRA, 29 U. S. C. §160. Since that decision, the Fifth Circuit has applied the same limitations period in a case solely against the union. Smith v. Int'l. Organization of Masters, 296 F.3d 380 (5th C. 2002).

This case is not a "hybrid" action as in DelCostello, for only the employer has been sued here. DelCostello was clear in its holding, however, "that §10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union." DelCostello made no differentiation between hybrid suits and suits solely against the employer or solely against the union. Indeed, it recognized that the employer's breach of a bargaining agreement is often also an unfair labor practice. Unfair labor practices are expressly governed by the 6 month period provided for by §10(b).

Here the plaintiff alleges that the employer was at fault in, among other things, failing to provide a safe work environment. In adopting my previous Report and Recommendation, this court has already found that it is necessary to consider the terms of the collective bargaining agreement in order to determine the scope of the employer's legal duty. Any breach of the duties imposed on the employer by the CBA would most likely also constitute an unfair labor practice. Therefore, it is entirely appropriate, as in Costello, to adopt the 6 month limitations period set forth in §10(b) which applies to claims for unfair labor practices.[2]

Accrual of the limitations period

I find that the plaintiff's claims are prescribed on the face of the petition, for it was filed

---

[2] Even if, instead of federal law, the most closely analogous state statute of limitations were used, the claim would still be prescribed, for the most analogous period under Louisiana law would be the one year period for tortious conduct.

more than six months after leaving his employment where the hearing loss was allegedly incurred. Any act by the employer regarding safety or which caused hearing loss had to have occurred prior to the last day of employment. The same would be true even if the limitations were one year. Therefore, the burden to prove an exception to prescription is on the plaintiff. See Terrebonne Parish School Board v. Mobil Oil Corp., 310 F.3d 870 (5th Cir. 2002). Because this is a motion to dismiss, I must accept as true the well pleaded allegations of the plaintiffs complaint and the complaint must be liberally construed. Little v. USAA, ___ F.3d ___ (5th Cir. 2009) (2010 U. S. App. Lexis 6993) (no Westlaw citation available)..

Plaintiff claims that suit was filed "within one year of becoming aware of sufficient facts to establish a reasonable belief that he had a cause of action for hearing loss due to significant exposures to loud and continuous noise" during his employment with defendant. No specifics were provided or alleged in the petition. He only alleges, without factual support, that defendants did not inform him that he had a hearing loss and therefore, prescription was interrupted.

The Fifth Circuit has stated that it uses one of two rules to determine when the statute of limitations begins to run. The "time of event rule" applies if some injury is discernable when the tort occurs. Under the time of event rule, the cause of action accrues when the harmful event occurs. The "discovery rule" applies to pure latent injury cases. Under the discovery rule, an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. See USPPS, Ltd. v. Avery Dennison Corp.,

326 Fed. Appx. 842 (5th C. 2009), and Foland v. Seacor Marine, Inc., 40 F.3d 385 (5th C. 1994)[3].

The allegation of the petition that the claim was filed within one year of becoming aware of sufficient facts to believe he had a cause of action contains no facts as to when or how the plaintiff "discovered" his claims. Rather, the statement is conclusory. Allegations and innuendo that Dresser concealed plaintiff's injury are insufficient to show that the claim is not prescribed. No factual content has been provided to allow the court to draw the reasonable inference that the claim is timely. Ashcroft v. Iqbal, 129 S. Ct. 1955 (2007). Legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993)

Because the claim is prescribed on its face and plaintiff has failed to allege facts showing that the claim is timely, the motion to dismiss should be granted.[4]

---

[3] Foland stated the discovery rule as applying to pure latent injury cases where the plaintiff fails to discover either the injury or its cause until long after the negligent act occurred. Foland was prior to the 5th Circuit's more recent decision in USPPS, Ltd. which, after noting that the issue of when a cause of action accrues is a matter of law for the court to decide, observed that the date of accrual of a cause of action is not postponed simply because a claimant does not know the specific cause of the injury, the party responsible for it , the full extent of it or the chances of avoiding it. I believe that USPPS, Ltd. is the more accurate statement of the rule of the Fifth Circuit. In any event, it is the most recent. It is the same as Louisiana's rule that prescription for torts commences on the day the plaintiff actually knows or should know that he has sustained some damage. Higginbotham v. Ochsner Foundation Hospital, 607 F2d 653 (5th C. 1979). Thus it is not necessary that plaintiff know the cause of his injury in order for the limitations period to begin to run.

[4] Plaintiff had to have known of his hearing loss at the time he left Dresser's employment. While hearing loss can, of course, worsen over time, it is not something that suddenly manifests itself years later as would a latent injury such as asbestosis. See, e. g. Taurel v. Central Gulf Lines, Inc., 947 F.2d 769. In other words, it is something that plaintiff would have necessarily known at least by his last date of employment with Dresser. I agree, therefore, with the observations of the trial judge in Sellers v. Lykes Bros. Steamship Co., 648 So.2d 496 (La. App. 4th Cir. 1994)("Plaintiff last worked for this employer in 1973. He would have known at that time if he suffered a hearing loss. It is common knowledge that noise can damage a

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss, doc. #6, be GRANTED dismissing the plaintiff's claim.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling. **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

persons hearing. He did not need a doctor to tell him in 1993 that noise exposure causes hearing loss."). Plaintiff does not need an expert or a medical doctor to tell him that he suffered hearing loss years ago while working at Dresser. Indeed it is questionable whether such evidence would even be allowed under Daubert v. Merrell Dow, 113 S. Ct. 2786 (1993).

And the fact that the plaintiff, despite his allegations as to the continuous long term noise on the job, might not have known his work at Dresser was its cause is, under USPPS, Ltd., irrelevant.

Alexandria, Louisiana, November 29, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE